# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HESS CORPORATION, f/k/a AMERADA HESS CORPORATION | |
| Plaintiff, | NO. 3:08-CV-1426 |
| v. | (JUDGE CAPUTO) |
| PERFORMANCE TEXACO, INC., et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Plaintiff Hess Corporation's Motion (Doc. 11) to lift the stay placed on the above-captioned case by this Court on September 16, 2008 (Doc. 10) with regard to Defendants Kimberly Nicholson Kessler, Robert Kessler, and Marilyn Kessler. For the reasons stated below, the Court will grant the motion and lift the stay of proceedings as to these Defendants.

## BACKGROUND

On July 31, 2008, Plaintiff Hess Corporation ("Hess") filed a complaint in this Court against Defendants Performance Texaco, Inc., Scott Kessler, Kimberly Nicholson Kessler, Robert Kessler, and Marilyn Kessler, bringing claims for breach of contract, unjust enrichment, and promissory estoppel. (Doc. 1.) Hess alleges jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Prior to any responsive pleading, Hess filed an amended complaint on August 6, 2008, to correct its factual averments in order to properly allege diversity jurisdiction, but leaving its claims unchanged. (Doc. 3.)

The amended complaint alleges that Hess entered into a franchising agreement with

Defendant Performance Texaco, Inc. ("Performance Texaco"), agreeing the latter would operate a business selling Hess' brand name motor fuels and products. (Am. Compl. ¶ 11, Doc. 3.) It further alleges that the individual defendants, Scott, Kimberly, Robert, and Marilyn Kessler, each personally guaranteed any debt owed by Performance Texaco to Hess. (*Id*. ¶ 23, Exs. D, E. ) The guaranty includes any sum under a Note executed by Performance Texaco in exchange for a three hundred thousand dollar ($300,000) "competitive allowance" from Hess that remained unamortized at the end of a period prescribed for amortization in the franchise agreement. (Id. ¶ 24. Exs. D, E.) In addition, Scott and Kimberly Kessler executed a mortgage on the franchise business' premises as security for payment of the Note. (*Id*. ¶ 18, Ex. C.)

The amended complaint brings claims for breach of contract and unjust enrichment against Performance Texaco. (*Id*. Counts I, II.) It brings claims for breach of contract and promissory estoppel against the individual Kessler defendants. (*Id*. Counts III, IV.)

On September 12, 2008, counsel for Hess filed a suggestion of bankruptcy, noting that Defendants Performance Texaco and Scott Kessler filed for protection under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Middle District of Pennsylvania. (Doc. 7.) Consequently, this Court entered an Order on September 16, 2008, (Doc. 10), staying the entire action until further Order of the Bankruptcy Court for the Middle District of Pennsylvania, or until either party shows that the action is not subject to the Bankruptcy Code's automatic stay provision, found at 11 U.S.C. § 362(a).

On October 1, 2008, Hess filed the present motion to lift the stay as to Defendants Kimberly Nicholson Kessler, Robert Kessler, and Marilyn Kessler because they are non-bankrupt co-defendants not subject to the automatic stay under the Bankruptcy Code. (Doc.

2

11.) Kimberly Nicholson Kessler filed a brief on October 15, 2008 opposing the motion to lift the stay as it applies to her. (Doc. 14.) Robert and Marilyn Kessler have not responded to Hess' motion and the time for filing a brief in opposition has passed. *See* M.D. Pa. Local Rule 7.6. Plaintiff filed a reply to Kimberly Nicholson Kessler's brief in opposition on October 29, 2008. (Doc. 18.) This motion is now ripe for disposition.

## DISCUSSION

Hess argues that the automatic stay of litigation afforded debtors by 11 U.S.C. § 362(a) does not apply to Defendants Kimberly, Robert, and Marilyn Kessler because they, as non-debtors, are not covered by its protection. Robert and Marilyn Kessler make no arguments in response. Kimberly Nicholson Kessler argues that "unusual circumstances" exist in her case warranting application of the automatic stay to a non-debtor party.

Section 362(a) of the Bankruptcy Code provides in relevant part:

[A] petition filed under... this title ... operates as a stay, applicable to all entities of –

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title ....

11 U.S.C. § 362(a) (2008).

"Although the scope of the automatic stay is broad, the clear language of section 362(a) stays actions only against a 'debtor.'" *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 509 (3d Cir. 1997); *see also In re Exide Techs.*, 544 F.3d 196, 2008 U.S. App. LEXIS 20072, at *46 n. 10 (3d Cir. Sept. 19, 2008) (citing Collier on Bankruptcy for the proposition

3

that when one defendant files a bankruptcy petition, the suit may proceed against non-debtor co-defendants). It is "universally acknowledged" that an automatic stay under § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the debtor. *McCartney,* 106 F.3d at 509-510 (quoting *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991) (internal quotations omitted). This rule helps to insure that creditors obtain "the protection they sought and received when they required a third party to guaranty the debt." *Id*. at 510 (quoting *Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121 (4th Cir. 1988).

The prohibition against extending the automatic stay to non-debtor co-defendants has been liberalized in some cases where courts have found "unusual circumstances" exist. *Id*. The U.S. Court of Appeals for the Third Circuit has recognized two situations that constitute "unusual circumstances." First, such circumstances exist where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id.* (quoting *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). These circumstances have generally been limited to actions against non-debtors who are entitled to absolute indemnity by the debtor for a judgment against them. *In re Mid-Atlantic Handling Sys., LLC*, 304 Bankr. 111, 128 (Bankr. D.N.J. 2003); *see also McCartney*, 106 F.3d at 510 (citing cases). Second, "[c]ourts have also extended the stay to nondebtor third parties where stay protection is essential to the debtor's efforts of reorganization." *McCartney*, 106 F.3d at 510. These circumstances have generally been limited to cases in which principals or officers who have guaranteed the corporate debt

are parties necessary to the effective reorganization of the debtor corporation. *In re Mid-Atlantic Handling Sys*, 304 Bankr. 128-129; *see also McCartney*, 106 F.3d at 510 (citing cases).

In the present case, absent "unusual circumstances," Defendants Kimberly, Robert, and Marilyn Kessler fall within the general rule that the automatic stay does not extend to non-debtors and are therefore not covered by its protection from litigation.  Hess alleges, and provides exhibits evidencing, that each signed a guaranty of Performance Texaco's obligations.  There is no evidence that any of the individuals has filed a petition for protection under the Bankruptcy Code.  Because Robert and Marilyn Kessler make no argument that "unusual circumstances" exist, the Court finds that they are not protected by the automatic stay provision of § 362(a) and will lift the stay imposed by its September 16, 2008 Order (Doc. 10) as to these Defendants.

Kimberly Nicholson Kessler argues that "unusual circumstances" exist in her case because debtor-defendant Scott Kessler, her former husband, is bound by a divorce agreement that obligates him to secure her release from her obligations to Hess.  (Def. Br. in Opp'n to Mot. to Lift Stay 1, Doc. 14.)  On January 18, 2006, the Court of Common Pleas of Monroe County entered a divorce decree which adopted the terms and conditions of a Stipulation the two filed on December 20, 2005 acknowledging a post-nuptial agreement and several addendums thereto.  (*Id*. Exs. 1, 2.)  Within this series of agreements, Scott promised to seek Kimberly's release from her obligations to Hess by a prescribed date.  (*Id*. Ex. 2.) Scott's obligation to secure her release, she argues, creates "unusual circumstances" under the first above-mentioned situation, namely by creating such identity between defendants that a judgment against her is tantamount to a judgment against the debtor.

These circumstances, however, do not create such identity between the two that Scott is effectively the real party defendant. Kimberly does not argue that Scott contractually agreed to indemnify her for any liability on her obligations to Hess in the event that he failed to secure her release. To conclude that any liability imposed on Kimberly as a result of such failure is imputed to Scott by operation of law—as in a contractual right to indemnity—would seem to inject an additional obligation into their post-nuptial agreement. That is not this Court's place to do. As Kimberly recognizes in her brief, she may pursue a claim against Scott for breach of his obligation to secure her release in his bankruptcy proceedings. (*Id*. at 2.) If such breach occurred, however, it necessarily implies that she is still party to, and potentially liable for, her guaranty of Performance Texaco's debt.

In addition, Kimberly's argument is undercut by the fact that there is no indication the debtor has moved in bankruptcy court to stay proceedings against her. In the context of holding it had concurrent jurisdiction with the bankruptcy court to determine applicability of the automatic stay, the Third Circuit Court of Appeals noted in *Brock v. Morysville Body Works*, that although its ruling may have financial consequences for the debtor, "if the debtor were truly threatened by the exercise of our jurisdiction, it could have sought a stay of these proceedings under 11 U.S.C. § 105(a)." 829 F.2d 383, 386-387 (3d Cir. 1987). That statute gives a bankruptcy court power to issue a stay of proceedings that threaten the assets of a debtor's estate. *Id.* at 387 (citing *SEC v. First Financial Group of Tex*., 645 F.2d 429 (5th Cir. 1981)). The Court has no evidence that the debtor has sought a stay of proceedings against Kimberly since filing for bankruptcy protection on August 27, 2008. This undermines her argument that there is an identity of interests between the two such that proceeding against her is tantamount to proceeding against Scott.

6

Accordingly, the Court finds that "unusual circumstances" do not exist to warrant extension of the automatic stay of proceedings against debtor Scott Kessler to cover non-debtor defendant Kimberly Nicholson Kessler.  Therefore, the Court will lift the stay imposed by its September 16, 2008 Order (Doc. 10) as to this Defendant.

## CONCLUSION

Because the Court finds that the automatic stay of proceedings applied to debtors under 11 U.S.C. § 362(a) does not apply to Defendants Kimberly Nicholson Kessler, Robert Kessler, and Marilyn Kessler, it will grant Hess' motion (Doc. 11) and  lift the stay placed on the present action by its Order of September 16, 2008 (Doc. 10) as to these parties.  Hess will be permitted to proceed with its claims for breach of contract and promissory estoppel against these Defendants only.  Consequently, Defendants Kimberly, Robert, and Marilyn Kessler will be directed to respond to Hess' Amended Complaint (Doc. 3) within twenty (20) days of the date of the attached Order.

An appropriate Order follows.

November 19, 200   /s/ A. Richard Caputo
Date   A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HESS CORPORATION, f/k/a AMERADA HESS CORPORATION<br><br>    Plaintiff,<br><br>        v.<br><br>PERFORMANCE TEXACO, INC., et al.<br><br>    Defendants. | NO. 3:08-CV-1426<br><br>(JUDGE CAPUTO) |

**ORDER**

**NOW**, this ___19th___ day of November, 2008, **IT IS HEREBY ORDERED** that:

(1) Plaintiff Hess Corporation's Motion to Lift Automatic Stay as to Non-Debtor Defendants (Doc. 11) is **GRANTED**. The stay imposed by this Court's Order of September 16, 2008 (Doc. 10) is lifted as to Defendants Kimberly Nicholson Kessler, Robert Kessler, and Marilyn Kessler. Plaintiff may proceed with its claims against these Defendants.

(2) Defendants Kimberly Nicholson Kessler, Robert Kessler, and Marilyn Kessler are directed to respond to Plaintiff Hess Corporation's Amended Complaint (Doc. 3) within twenty (20) days of the date of this Order.

          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge