# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HESS CORPORATION, f/k/a AMERADA HESS CORPORATION<br><br>    Plaintiff,<br><br>    v.<br><br>PERFORMANCE TEXACO, INC., et al.,<br><br>    Defendants. | NO. 3:08-CV-1426<br><br>(JUDGE CAPUTO) |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Hess Corporation's Motion for Judgment on the Pleadings as to Defendants Robert Kessler and Marilyn Kessler. (Doc. 23.) Because Defendants do not oppose the entry of judgment against them on the question of their liability for breach of contract, the Court will grant the motion. A hearing on damages will be held at a later date.

On July 31, 2008, Plaintiff Hess Corporation ("Hess") filed a complaint in this Court against Defendants Performance Texaco, Inc., Scott Kessler, Kimberly Nicholson Kessler, Robert Kessler, and Marilyn Kessler, bringing claims for breach of contract, unjust enrichment, and promissory estoppel. (Doc. 1.) Hess alleges jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Prior to any responsive pleading, Hess filed an amended complaint on August 6, 2008, to correct its factual averments in order to properly allege diversity jurisdiction, but leaving its claims unchanged. (Doc. 3.)

The amended complaint alleges that Hess entered into a franchising agreement with Defendant Performance Texaco, Inc. ("Performance Texaco"), agreeing the latter would

operate a business selling Hess' brand name motor fuels and products. (Am. Compl. ¶ 11, Doc. 3.) It further alleges that the individual defendants, Scott, Kimberly, Robert, and Marilyn Kessler, each personally guaranteed any debt owed by Performance Texaco to Hess. (*Id*. ¶ 23, Exs. D, E. ) The guaranty includes any sum under a Note executed by Performance Texaco in exchange for a three hundred thousand dollar ($300,000) "competitive allowance" from Hess that remained unamortized at the termination of the franchise agreement. (*Id*. ¶ 24. Exs. D, E.)

Hess alleges that Performance Texaco has breached the franchising agreement by failing to operate its location, make timely payments for fuel purchased from Hess, and continue to purchase Hess fuel as required under the contract. (*Id*. ¶ 26.) Hess has demanded, but not received, the outstanding balance owed by the franchisee under the agreement. (*Id*. ¶ 33.) The amended complaint, therefore, brings claims for breach of contract and unjust enrichment against Performance Texaco. (*Id*. Counts I, II.) It brings claims for breach of contract and promissory estoppel against the individual Kessler defendants. (*Id*. Counts III, IV.)

On September 12, 2008, counsel for Hess filed a suggestion of bankruptcy, noting that Defendants Performance Texaco and Scott Kessler filed for protection under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Middle District of Pennsylvania. (Doc. 7.) Consequently, this Court entered an Order on September 16, 2008, (Doc. 10), staying the entire action until further Order of the Bankruptcy Court for the Middle District of Pennsylvania, or until either party shows that the action is not subject to the Bankruptcy Code's automatic stay provision, found at 11 U.S.C. § 362(a).

On October 1, 2008, Hess filed a motion to lift the stay as to Defendants Kimberly Nicholson Kessler, Robert Kessler, and Marilyn Kessler because they are non-bankrupt co-defendants not subject to the automatic stay under the Bankruptcy Code. (Doc. 11.) The Court granted the motion on November 19, 2008. (Doc. 19.) Thereafter, Defendants Robert and Marilyn Kessler filed a two (2) paragraph Answer, providing in full:

> Comes now, Robert Kessler and Marilyn Kessler, and file this, their answer to the Complaint and Amended Complaint, and as to the averments enumerated therein, respond as follows:
>
> Defendants admit to signing the Guarantee as attached to said Complaint and Amended Complaint in Exhibits "D" and "E," but demand strict proof of the amounts owed as stated in said Complaint and Amended Complaint.

(Doc. 20.)

In response, Hess filed the present motion for judgment on the pleadings as to Defendants Robert and Marilyn Kessler's liability on Hess' breach of contract claim based on their admission that they guaranteed Performance Texaco's debt. (Doc. 23.) Hess moves for entry of judgment as to liability only, with the amount of damages to be determined at a later hearing. Robert and Marilyn Kessler have not opposed this motion. In addition, Hess attaches a certificate of concurrence certifying that its counsel sought and obtained the Kessler's concurrence in its motion. (Doc. 25.)

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment after the pleadings are closed. "A party moving for judgment on the pleadings under Rule 12(c) must demonstrate that there are no disputed material facts and that judgment should be entered as a matter of law." *U.S. Fid. & Guar. Co. v. Tierney Assocs.*, 213 F. Supp. 2d 468, 469 (M.D. Pa. 2002). Here, Robert and Marilyn Kessler admit they signed guarantees of

3

Performance Texaco's debt. Moreover, they do not oppose Hess' motion for judgment as to their liability for breach of contract. Because there is apparently no dispute as to Robert and Marilyn Kessler's liability for breach of contract based on the guarantees they signed, entry of judgment is appropriate under Rule 12(c). As there exists a dispute of fact as to the amount of damages, a hearing will be held at later date on this issue.

    **NOW**, this   27th   day of May, 2009, **IT IS HEREBY ORDERED THAT**:

(1) Plaintiff Hess Corporation's Motion for Judgment on the Pleadings as to Defendants Robert Kessler and Marilyn Kessler (Doc. 23) is **GRANTED.**

(2) The Clerk of Court is directed to enter judgment in favor of the Plaintiff and against Defendants Robert Kessler and Marilyn Kessler.

(3) A hearing will be held at a later date on the issue of damages.


    /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge